Thomas J. Ryan, J.
The above-named defendant was convicted after trial in this court of robbery in the first degree and sentenced, on November 30, 1945, to an indeterminate term of not less than 20, nor more than 40 years. A notice of appeal was timely filed and served by the defendant’s retained counsel on December 20, 1945. On March 4, 1947 the pending appeal was dismissed by order of the Appellate Division, Fourth Department, for failure of the defendant to bring the matter on for argument, apparently without opposition by the defendant’s counsel.
It appears from the petition that the defendant was, and is, unaware that a notice of appeal was in fact filed, much less that the appeal had been dismissed. The District Attorney now takes the position on this application for a resentence that the petitioner ’s remedy lies in a motion in the Appellate Division for an order reinstating the appeal.
The factual situation here is quite similar to that in People v. Adams (12 N Y 2d 417) where it was alleged that unbeknownst to the defendant a timely notice of appeal was filed but that the appeal was later dismissed without notice to the defendant based upon a failure to perfect. The Court of Appeals held that such allegations, if true, established that the defendant’s right to appeal had been wrongfully frustrated so as to justify relief by way of a coram nobis application. The court’s citation of People v. Hairston (10 N Y 2d 92) indicates the nature of the relief required; i.e., a vacation of sentence and a resentence so as to commence anew the running of the time period *441 during which an appeal may he taken. The right to a hearing, at the least, is further supported by the decision in People v. O'Bryan (26 N Y 2d 95) where the defendant’s counsel advised the defendant of his right to appeal within the 30-day period but declined to tile the notice of appeal on the defendant’s behalf. Belief there was predicated on the proposition that the defendant was entitled to assistance of counsel, not only in perfecting the appeal, but in serving and filing the required notice.
As to the vehicle by which relief should be sought, both Adams and People v. Lamphins (21 N Y 2d 138) indicate that a coram nobis application to the trial court is the proper remedy since a motion in the Appellate Division to reinstate the dismissed appeal would, if denied, preclude an appeal to the Court of Appeals. It is true that the Appellate Division, Fourth Department, recently reinstated an appeal from a judgment of conviction, which appeal had been dismissed in 1966 (People v. Volious, 33 A D 2d 976). There the defendant had petitioned the Erie County Court for relief upon the claim that his assigned counsel had represented to him that his appeal would be prosecuted and had in fact filed a timely notice of appeal but had later permitted the appeal to be dismissed for failure to prosecute. That petition was denied without a hearing by the trial court but, on appeal, the Appellate Division vacated its earlier order of dismissal and reinstated the appeal. I would suppose that the result in that case, reinstatement of the appeal, was a reflection of the court’s desire to expedite disposition of the- matter rather than to relegate the defendant to a hearing before the County Court, thereby delaying consideration of the appeal for some time. Additionally, as pointed out above, a denial of a motion by the defendant to reinstate an appeal is not itself appealable.
The District Attorney also refers to People v. Stockwell (61 Misc 2d 188) apparently for the proposition that no defendant was entitled to be advised of his right to appeal prior to the date of the Court of Appeals decision in People v. Montgomery (24 N Y 2d 130); that is, February 27, 1969. The Stochwell case so holds with respect to a 1957 conviction on a plea of guilty. The difficulty with that formulation lies in the fact that the Court of Appeals in the Montgomery case itself was dealing with a 1957 judgment of conviction and in remanding the proceedings to the trial court (p. 134) “ for the purpose of holding a hearing limited to the question of whether the defendant’s failure to serve and file a notice of appeal was attributable to the failure of his assigned counsel to advise him of his right to appeal ” *442 said (p. 134): “If, at the hearing, it is determined that he was not told of his rights, then clearly he was denied the ‘ equal protection ’ of the law. If his allegations prove to he meritorious, he should be resentenced so that his time to appeal will run anew.”
The point made in Montgomery was that whether or not a positive obligation rested on counsel in 1957 to advise a defendant of his right to appeal there did exist a responsibility on the part of the State to redeem its guarantee that any defendant was entitled to appeal as of right from a judgment of conviction and could not be said to have irrevocably waived that right unless it appeared affirmatively that he had been advised as to its existence and as to the procedure necessary to its exercise.
The defendant here has elected to proceed by coram nobis; he is entitled to do so and should not be constrained to follow a procedure liable to an inconclusive result delaying longer a resolution of his claims with respect to the judgment of conviction.
The allegations of the defendant’s petition are not controverted and are borne out by the extrinsic evidence that he was totally unaware that an appeal had been taken on his behalf or that it had been dismissed. A hearing, therefore, would serve no purpose. The defendant is entitled to an order vacating the sentence imposed in December, 1945 and to a resentence.
An order should be submitted accordingly, providing also for the assignment of counsel to assist the defendant upon the resentence and to assist him also in the preparation, filing and serving of a proper notice of .appeal.